IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAUL MAULDIN, | ) | 1:07cv0635 AWI SMS |
| | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RONALD ROSE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff PAUL MAULDIN ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed the instant action pursuant to 42 U.S.C. § 1983 on April 25, 2007. Plaintiff names Superior Court Judge Ronald Rose, District Attorney Latonya Hadnot, and Deputy Public Defender Zona Steffan as Defendants.

**DISCUSSION**

A.   Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1)-(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Analysis

Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights arising from his arrest, conviction and subsequent imprisonment for violating his probation by driving under the influence. Among other things, he alleges that the arresting officers lacked probable cause, that District Attorney Hadnot concealed facts and pursued unfounded charges, that Public Defender Steffen was ineffective in challenging the prosecution's case, and that Judge Rose permitted the prosecution to act improperly. He contends that he was maliciously prosecuted and that the three Defendants acted together to "derail the trial proceedings." Complaint, at 4. As relief, Plaintiff requests $500,000 in compensatory damages from each Defendant, $500,000 in punitive damages from each Defendant, as well as a restraining order and injunctive relief.

There are two fatal flaws in Plaintiff's Complaint. First, judges, district attorneys and public defenders are entitled to absolute immunity from civil suits for damages under section 1983. Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (judges are absolutely immune from damages for judicial acts taken within the jurisdiction of their courts); Imbler v. Pachtman, 424 U.S. 409, 418 (1976) (district attorney is entitled to prosecutorial immunity in performing functions intimately associated with the judicial phase of the criminal process).

1       Second, Plaintiff's claims are not cognizable in an action pursuant to 42 U.S.C. § 1983.
2  When a prisoner challenges the legality or duration of his custody, or raises a constitutional
3  challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas
4  corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990).
5  Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment,
6  "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,
7  expunged by executive order, declared invalid by a state tribunal authorized to make such
8  determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28
9  U.S.C. § 2254."  Heck v. Humphrey, 512 U.S. 477, 487-88 (1994).  "A claim for damages bearing
10 that relationship to a conviction or sentence that has not been so invalidated is not cognizable under
11 § 1983."  Id. at 488.  The Court finds that Plaintiff has failed to state a cognizable claim for relief and
12 recommends that this action be dismissed.
13      The Court further finds that the deficiencies in the Complaint cannot be cured by amendment,
14 and, therefore, leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson,
15 809 F. 2d 1446, 1448-49 (9th Cir. 1987).

### **RECOMMENDATION**

17      For the above reasons, the Court recommends that this action be DISMISSED WITHOUT
18 LEAVE TO AMEND.
19      These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii,
20 United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule
21 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
22 California.  Within thirty (30) days after being served with a copy, any party may file written
23 objections with the court and serve a copy on all parties.  Such a document should be captioned
24 "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall
25 be served and filed within ten (10) court days (plus three days if served by mail) after service of the

objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 7, 2007**                          /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE