# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAUL MAULDIN, | ) | 1:07cv0635 AWI SMS |
| | ) | |
| | ) | |
| | ) | ORDER ADOPTING FINDINGS AND |
| Plaintiff, | ) | RECOMMENDATION |
| | ) | |
| v. | ) | (Document 7) |
| | ) | |
| DONALD ROSE, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Paul Mauldin, appearing pro se and in forma pauperis, filed this action on April 25, 2007.

On May 8, 2007, the Magistrate Judge issued Findings and Recommendation that the action be DISMISSED WITHOUT LEAVE TO AMEND. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days. Plaintiff filed his objections on May 25, 2007.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(c), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds that the Findings and Recommendation is supported by the record and proper analysis.

In the objections, Plaintiff disagrees with the Magistrate Judge's finding that Defendants are immune from this action. As explained by the Magistrate Judge, state court judges and prosecutors are immune from liability under 42 U.S.C. § 1983. See Olsen v. Idaho State Bd. of

1

1  Medicine, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges
2  and prosecutors functioning in their official capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075
3  (9th Cir.1986) (holding that judges and prosecutors are immune from liability for damages under
4  section 1983 ).   In addition, Plaintiff's civil rights claims against his attorney are not available
5  because public defenders are private individuals for purposes of 42 U.S.C. § 1983, and therefore
6  they do not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 325 (1981)
7  (holding that public defenders performing traditional functions of representation do not act under
8  color of state law for purposes of civil rights actions); Miranda v. Clark County, Nevada, 319
9  F.3d 465, 468 (9th Cir. 2003).   To the extent Plaintiff alleges legal malpractice claims against his
10 attorney, this is a state law claim for which "there exists no independent basis of federal
11 jurisdiction."  See Aragon v. Federated Dept. Stores, Inc., 750 F.2d 1447, 1457-58 (9th Cir.1985)
12 (finding no jurisdiction over state law malpractice claim action against law firm for mishandling
13 of labor grievance).

14      In addition, as explained by the Magistrate Judge, Plaintiff's allegations question the
15 validity of Plaintiff's conviction and confinement, and Plaintiff may not seek damages under 42
16 U.S.C. § 1983 until he has established, through appropriate state or federal remedies, that his
17 conviction and confinement are in fact illegal.  Edwards v. Balisok, 520 U.S. 641, 648 (1997);
18 Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).   In the objections, Plaintiff states that he has
19 no method to challenge his conviction and sentence.   The Supreme Court has opined that Heck's
20 requirement of favorable termination should not apply if a plaintiff is no longer "in custody" to
21 bring a federal habeas corpus petition.  Spencer v. Kemna, 523 U.S. 1, 20-21 (1998) (Souter,
22 concurring).[1]  However, a review of the complaint reveals that Plaintiff can still challenge his
23 conviction and sentence.   The complaint reveals that Plaintiff is currently serving the sentence
24 imposed as a result of the conviction at issue in this action.    Not only does Plaintiff still appear
25 to have state remedies available, Plaintiff is "in custody" for the purposes of federal habeas

---

27    [1] Justice Stevens, who dissented from the majority opinion, nevertheless agreed with
28 Justice Souter on this issue, thereby providing a majority of the Supreme Court. See Spencer, 523
   U.S. at 992 n. 8 (Stevens, dissenting).

corpus review.   Plaintiff's apparent distrust for the systems available to test the validity of his conviction and sentence are not grounds to allow him to proceed with a civil rights actions.

     Accordingly, IT IS HEREBY ORDERED that:

1.    The Findings and Recommendations dated May 8, 2007, is ADOPTED IN FULL; and

2.    Plaintiff's complaint is DISMISSED WITHOUT LEAVE TO AMEND.

     This terminates this action in its entirety.

IT IS SO ORDERED.

**Dated:   June 13, 2007**　　　　　　　　　　　　**/s/ Anthony W. Ishii**
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE